NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | | |
|---|---|---|
| FRANCISCO HERRERA-GENAO, | : | CIV. ACTION NO. 16-3786 (AET) |
| Petitioner, | : | |
| v. | : | |
| UNITED STATES, | : | |
| Respondent. | : | |
| WILFREDO BERRIOS, | : | CIV. ACTION NO. 16-3810 (AET) |
| Petitioner, | : | |
| v. | : | |
| UNITED STATES, | : | |
| Respondent. | : | |
| EFRAIN LYNN, | : | CIV. ACTION NOS. 16-3787, 19-17219 (AET) |
| Petitioner, | : | |
| v. | : | |
| UNITED STATES, | : | **OPINION** |
| Respondent. | : | |

THOMPSON, U.S. District Judge

**I. INTRODUCTION**

The Court has consolidated second or successive motions under 28 U.S.C. § 2255(h) filed by Petitioners Francisco Herrera-Genao, Wilfredo Berrios, and Efrain Lynn. Petitioners challenge their sentences for their convictions under 18 U.S.C. § 924(c) on the grounds that bank robbery is not a "crime of violence" after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Respondent United States now moves to dismiss the petitions. (ECF No. 12). After careful consideration of the § 2255 motions and the arguments by the United States, the Court grants the motion to dismiss. No certificate of appealability shall issue.

**II. BACKGROUND**

The Court adopts and recites the facts as stated by the United States Court of Appeals for the Third Circuit on Petitioners' consolidated direct appeal:

> This case involves a series of violent and tragic events which traumatized everyone involved. From February to March 2007, Hererra–Genao, Berrios, and Lynn (collectively, "Defendants") committed a series of four violent armed bank robberies in New Jersey. Defendants identified what they considered to be easy-to-rob bank branches and stole Hondas for use as getaway cars. Defendants met, donned ski masks, and entered the branches carrying either handguns or large automatic weapons. In each case, once inside, one conspirator fired his weapon to frighten the employees, jumped over the counter, pointed his gun at the head of an employee, and demanded that money be put in a laundry bag. Once flush with cash, Defendants fled in one of the Hondas, abandoned the car, and returned home in a "switch" vehicle.
>
> On April 5, 2007, after conducting surveillance, FBI agents intercepted Herrera–Genao and Berrios as they arrived in a stolen Honda at a bank branch to commit a fifth armed robbery. At the time, an additional co-conspirator, Michael Cruz ("Cruz"), was waiting in a switch car as a lookout and driver. Herrera–Genao and Berrios had multiple loaded weapons, a ski mask, and a laundry bag. Berrios was arrested in the parking lot; Herrera–Genao fled into the woods and was arrested the following morning. Lynn and Cruz were also both arrested. While arresting Cruz, a veteran FBI agent was shot and killed by an accidental discharge from the weapon

> of another agent.
>
> On October 13, 2008, the United States of America filed a Second Superseding Indictment against Defendants. Count One charged Herrera–Genao, Berrios and Lynn with conspiring with one another and others to commit Hobbs Act robbery, from February 8, 2007, through April 5, 2007, in violation of 18 U.S.C. § 1951; Count Two charged Herrera–Genao and Berrios with armed robbery on February 8, 2007, in violation of 18 U.S.C. § 2113(a) and (d); Count Three charged Herrera–Genao and Berrios with possession of a firearm in furtherance of a crime of violence on February 8, 2007, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 18 U.S.C. § 2; Counts Four, Six and Eight charged Herrera–Genao, Berrios and Lynn with armed robbery on February 16, 2007, March 2, 2007, and March 16, 2007, respectively, in violation of 18 U.S.C. § 2113(a) and (d); Counts Five, Seven and Nine charged Herrera–Genao, Berrios and Lynn with possession of a firearm in furtherance of a crime of violence, on February 16, 2007, March 2, 2007, and March 16, 2007, respectively, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 18 U.S.C. § 2; Count Ten charged Herrera–Genao and Berrios with attempting to commit armed robbery on April 5, 2007, in violation of 18 U.S.C. § 2113(a) and (d); and Count Eleven charged Herrera–Genao and Berrios with possession of a firearm in furtherance of a crime of violence on April 5, 2007, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 18 U.S.C. § 2.

*United States v. Herrera-Genao*, 419 F. App'x 288, 290–91 (3d Cir. 2011) (footnotes omitted).

"None of the conspirators were charged with the FBI Agent's death." *Id.* at 290 n.2. On December 10, 2008, the jury found Herrera–Genao guilty of all counts; Berrios guilty of Counts One and Four through Eleven, not guilty of Counts Two and Three; and Lynn guilty of Counts One and Six through Nine, not guilty of Counts Four and Five. (ECF No. 12 at 9).

This Court sentenced Herrera–Genao "to a term of 1,407 months imprisonment: 87 months on the conspiracy to commit robbery, and bank and attempted bank robbery counts (Counts 1, 2, 4, 6, 8, and 10), all to run concurrently; 120 months on the first of the § 924(c) counts (Count 3), to run consecutively; and 300 months on each of the remaining § 924(c) counts (Counts 5, 7, 9, and 11), each to run consecutively." (ECF No. 4 at 3). Berrios received "the statutory mandatory minimum term of 1,020 months imprisonment, including 120 months on the

3

first of the § 924(c) counts (Count Five) and 300 months for each of the remaining § 924(c) counts (Counts Seven, Nine and Eleven), to run consecutively." *Herrera-Genao*, 419 F. App'x at 291. No term of incarceration was imposed for the armed robberies: Counts One, Four, Six, Eight and Ten. *Id.* Lynn received "481 months imprisonment, including 97 months on each of the conspiracy and armed robbery counts (Counts One, Six and Eight), to run concurrently; 84 months on the first of the § 924(c) counts, to run consecutively; and 300 months on the remaining § 924(c) count (Count Nine), to run consecutively." *Id.*

Petitioners appealed to the Third Circuit, where their convictions and sentences were affirmed in a consolidated opinion. *United States v. Herrera-Genao*, 419 F. App'x 288 (3d Cir. 2011). The Supreme Court denied Herrera–Genao's petition for writ of certiorari. *Herrera-Genao v. United States*, 565 U.S. 858 (2011). Berrios and Lynn did not file petitions for writ of certiorari.

Petitioners each filed individual motions to correct, vacate, or set aside their federal sentences under § 2255. The Court denied their motions. *See Lynn v United States*, No. 13–5730, 2015 WL 9480020 (D.N.J. Dec. 29, 2015) (dismissed as untimely); *Berrios v. United States*, No. 12–2471, 2015 WL 8490962 (D.N.J. Dec. 9, 2015), *certificate of appealability denied*, No. 16–1283, 2017 WL 3527874 (3d Cir. Mar. 27, 2017); *Herrera-Genao v. United States*, No. 12–6119, 2014 WL 6386807 (D.N.J. Nov. 14, 2014), *aff'd*, 641 F. App'x 190 (3d Cir. 2016).

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] Petitioners filed protective motions in this Court while they petitioned the Third Circuit

---

[1] The ACCA increases a defendant's prison term if the defendant has three or more earlier

for permission to file second or successive § 2255 motions. (*See* ECF No. 1); *Berrios v. United States*, No. 16-3810 (D.N.J. filed June 27, 2016); *Lynn v. United States*, No. 16-3787 (D.N.J. filed June 24, 2016).[2] This Court administratively terminated the motions pending a decision by the Third Circuit on whether Petitioners satisfied the conditions for filing a second or successive § 2255 motion. In turn, the Third Circuit stayed Petitioners' requests, along with the scores of other second or successive requests following *Johnson*, while the Supreme Court considered cases regarding statutes containing language similar to the ACCA's residual clause. *See, e.g.*, *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (finding residual clause in 18 U.S.C. § 16(b) to be void for vagueness).

On June 24, 2019, the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)'s definition of "crime of violence" was also void for vagueness. *United States v. Davis*, 139 S. Ct. 2319 (2019). On August 14, 2019, the Third Circuit granted permission to file § 2255(h) motions to "approximately two hundred such applications that were stayed following the consolidation of these five lead applications." *In re Matthews*, 934 F.3d 296, 298 n.2 (3d Cir. 2019). Having received the required permission to file from the Third Circuit, the Court consolidated Petitioners' matters on September 20, 2019. (ECF No. 11).

The United States now moves to dismiss the consolidated § 2255 motions on the basis

---

convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e)(1). Prior to *Johnson*, the residual clause included any felony that "involves conduct that presents a serious potential risk of physical injury to another" in the definition of a "violent felony." 18 U.S.C. § 924(e)(2)(B)(ii). On April 18, 2016, the Supreme Court determined that the *Johnson* decision was a new substantive rule that applied retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

[2] After the Third Circuit granted his § 2244 request, Lynn filed a second § 2255(h) petition under Civil Action No. 19-17219. It is the same motion filed in Civil Action No. 16-3787.

that Third Circuit precedent forecloses their claims. (ECF No. 12). Petitioners elected not to file a response.

### III. STANDARD OF REVIEW

Section 2255 provides in relevant part that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005). Here, the record conclusively demonstrates that Petitioners are not entitled to relief.

### IV. ANALYSIS

A.      Jurisdiction

As these are Petitioners' second or successive motions under § 2255(h), the Court must first assess whether it has jurisdiction to consider the merits. *See* 28 U.S.C. §§ 2244(a), 2255(h); *see also Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (noting courts have continuing obligation to assess jurisdiction).

Although the Third Circuit granted Petitioners' requests to file their second or successive § 2255 motions, *see Matthews*, 934 F.3d at 298 n.2, the Court must still determine whether their claims meet the requirements of § 2244. 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."). The Court concludes that Petitioners meet this standard because their claims rely on the rule

announced in *Davis*[3] and it is plausible on the face of the motions that Petitioners were sentenced under the voided residual clause. The Court will proceed to the merits. *See also Matthews*, 934 F.3d at 301. ("Whether the Petitioners' crimes fall under the elements clause or the challenged residual clause is itself a merits inquiry.").

B.   Merits

Petitioners argue their § 924(c) convictions are no longer valid because bank robbery is not a "crime of violence" after the Supreme Court's *Johnson* decision. The United States argues the § 2255(h) motions should be dismissed because Petitioners' "§ 924(c) convictions were predicated on offenses that the Third Circuit has already held qualify as crimes of violence under § 924(c)(3)(A)'s 'elements clause.'" (ECF No. 12 at 14).

Section 924(c) prohibits using or carrying "during and in relation to any crime of violence or drug trafficking crime . . . ." 18 U.S.C. § 924(c)(1)(A). Prior to *Davis*, "crime of violence" was defined as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). The Supreme Court invalidated the residual clause, § 924(c)(3)(B), in *Davis.* The "elements clause," § 924(c)(3)(A), remains valid.

After the Supreme Court's *Johnson* decision but before *Davis*, the Third Circuit concluded that unarmed bank robbery by intimidation, 18 U.S.C. § 2113(a), qualified as a crime of violence under Sentencing Guideline § 4B1.2's elements clause as it "does involve the 'the

---

[3] The United States concedes that *Davis* announced a new substantive rule that applies retroactively on collateral review. (ECF No. 12 at 14).

use, attempted use, or threatened use of physical force against the person of another[.]'" *United States v. Wilson*, 880 F.3d 80, 85 (3d Cir.) (quoting U.S.S.G. § 4B1.2(a)(1)), *cert. denied*, 138 S. Ct. 2586 (2018) (alteration in original). The Third Circuit subsequently held that bank robbery under 18 U.S.C. § 2113(d) is a crime of violence under § 924(c)(3)'s elements clause. *United States v. Johnson*, 899 F.3d 191, 204 (3d Cir.) (citing *Wilson*, 880 F.3d at 83-85), *cert. denied*, 139 S. Ct. 647 (2018). "One cannot assault a person, or jeopardize his or her life with a dangerous weapon, unless one uses, attempts to use, or threatens physical force." *Id.*

"A crime is a 'crime of violence' if it meets either the elements clause or the residual clause." *Id.* at 203. The Third Circuit considered the arguments raised by Petitioners and concluded that predicate bank robbery offenses qualify as crimes of violence under the elements clause. Therefore, Petitioners' § 924(c) convictions and sentences remain valid in spite of *Davis*.

Although the Third Circuit has not specifically addressed whether attempted bank robbery is a crime of violence, the persuasive authority from the courts of appeals that have considered the question indicate that it is. "[W]hen a substantive offense is a crime of violence under 18 U.S.C. § 924(c)(3)(A), an attempt to commit that offense is also a crime of violence." *United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020) (citing *United States v. Ingram*, 947 F.3d 1021 (7th Cir. 2020); *United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018); *Hill v. United States*, 877 F.3d 717 (7th Cir. 2017)). "[I]ts commission requires proof of both the specific intent to complete a crime of violence, and a substantial step actually (not theoretically) taken toward its completion." *Id. See also United States v. Smith*, No. 18-10476, __ F.3d __, 2020 WL 2078390, at *4 (5th Cir. Apr. 30, 2020) (precedential).

8

Because Petitioners' convictions satisfy § 924(c)'s elements clause as a matter of Third Circuit law, they are not entitled to relief under § 2255(h).

C.      Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court denies a certificate of appealability because jurists of reason would not find it debatable that Petitioners have not made a substantial showing of the denial of a constitutional right.

**V. CONCLUSION**

For the reasons stated above, the motion to dismiss is granted. No certificate of appealability shall issue. An appropriate order follows.


DATED: May 18, 2020                                          */s/ Anne E. Thompson*
                                                                              ANNE E. THOMPSON
                                                                              UNITED STATES DISTRICT JUDGE